# EXHIBIT B

10/4/2020 5:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46843417
By: D Burton
Filed: 10/5/2020 12:00 AM

CAUSE NO._____

| | | |
|---|---|---|
| **ANNA MARIA RAMIREZ** *Plaintiff,* | § § § | **IN THE COURT OF** |
| v. | § § | _____**JUDICIAL DISTRICT** |
| **TARGET CORPORATION** *Defendant* | § § § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Anna Maria Ramirez to file this original petition, jury demand and request for disclosures against Defendant, Target Corporation and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-action process in Texas Rule of Civil Procedure 160 because Plaintiff seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### PARTIES

3. Plaintiff, Anna Maria Ramirez, is a resident of Harris County and is authorized to file suit in this county.

4. Defendant, Target Corporation is a foreign for-profit corporation organized under the laws of Minnesota and authorized to do business in Texas. It may be served through its

registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

****ISSUANCE OF CITATION IS REQUESTED AT THIS TIME****

## VENUE

5. Venue is proper in Harris County, Texas because all or substantially part of the events or omissions occurred in Harris County. See Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

6. This Court has jurisdiction over this suit and over the Defendant because: (a) the incident and/or occurrence giving rise to this action, and the conduct, acts, and/or omission of each Defendant alleged herein, all occurred in the state of Texas; and (b) Defendant was doing business in the State of Texas.

7. The subject matter in controversy is within the jurisdictional limits of this court.

## FACTS

8. On or about September 29, 2019, Plaintiff was a customer at Defendant's Target location at 300 Meyerland Plaza Mall, Houston, Texas While visiting that location, Plaintiff slipped and fell on water located on the floor of Defendant's premises. As a result of this slip and fall, Plaintiff suffered injuries. The medical treatment sought by Plaintiff was reasonably and necessary for the injuries sustained.

## COUNT 1-PREMISES LIABILITY

9. At all times mentioned herein, Defendant had such control over the premises that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

2

10. Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit. Plaintiff was a customer visiting Defendant's shopping establishment.

11. A condition on Defendant's premises posed an unreasonable risk of harm. Water was located on the floor in a manner that posed a hazard to customers and without any warning signs.

12. Defendant knew or reasonably should have known of the condition of the premises.

13. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by not thoroughly inspecting and observing customer areas for dangerous substances.

## COUNT 2—NEGLIGENT UNDERTAKING

14. Defendant undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendant should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

15. Defendant failed to exercise reasonable care to perform this undertaking, by not properly maintaining its premises, regularly inspecting its premises and creating and enforcing policies to regularly inspect and maintain the premises, particularly the water upon which Plaintiff slipped and fell, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

16. Further Plaintiff relied upon Defendant's undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

3

## DAMAGES

17. Defendant proximately caused injury to Plaintiff which resulted in the following damages:

    a. Physical pain and suffering, in the past and future;

    b. Mental anguish, in the past and future;

    c. Physical disfigurement, in the past and future;

    d. Physical impairment, in the past and future;

    e. Diminished capacity to enjoy life and society, in the past and future;

    f. Lost wages and loss of earning capacity which will in all likelihood persist for the rest of his life; and

    g. Reasonable and necessary medical expenses, in the past and future.

## REQUEST FOR DISCLOSURE

18. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209
9816 Katy Freeway
Houston, Texas 77055
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
E-service only: service@ramjilaw.com
**ATTORNEYS FOR PLAINTIFF**

10/28/2020 11:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47592709
By: Iliana Perez
Filed: 10/28/2020 11:06 AM

CAUSE NO. 2020-62936

| | | |
|---|---|---|
| ANNA MARIA RAMIREZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION, | § § § | |
| Defendant | § | 125th JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Target Corporation, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

## A.
## GENERAL DENIAL

1.  Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

## B.
## CREDIT / OFFSET

2.  In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or

settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3. Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4. By way of further answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5. Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and request that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

7. Defendant affirmatively pleads that Plaintiff failed to keep a proper lookout and therefore, Plaintiff was the sole cause of her accident and damages or alternatively, Plaintiff contributed to the accident.

## H.
## JURY DEMAND

8. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Target Corporation, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to

which Defendant may show itself justly entitled.

                                      Respectfully submitted,

                                      GERMER, PLLC

                                      By: _____
                                           TROY A. WILLIAMS
                                           State Bar No. 00788678
                                           VALERIE LY
                                           State Bar No. 24053602
                                      America Tower
                                      2929 Allen Parkway, Suite 2900
                                      Houston, Texas 77019
                                      Telephone: (713) 650-1313
                                      Facsimile: (713) 739-7420
                                      E-Mail: *twilliams@germer.com*
                                      E-Mail: *vly@germer.com*

                                      ATTORNEYS FOR DEFENDANT,
                                      TARGET CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 28th day of October, 2020:

    *eservice@ramjilaw.com*
    Chelsea Murfree
    Adam Murfree
    Ramji Law Group
    9816 Katy Freeway
    Houston, Texas 77055
    *Attorneys for Plaintiff*

                                        _____
                                        TROY A. WILLIAMS

CAUSE NO. 2020-62936

| | | |
|---|---|---|
| ANNA MARIA RAMIREZ, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION, | § § § | |
| Defendant | § | 125th JUDICIAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Target Corporation, requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 28th day of October, 2020:

*eservice@ramjilaw.com*
Chelsea Murfree
Adam Murfree
Ramji Law Group
9816 Katy Freeway
Houston, Texas  77055
*Attorneys for Plaintiff*

_____
TROY A. WILLIAMS