United States District Court
Southern District of Texas
**ENTERED**
March 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Anna Maria Ramirez, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | Civil Action H-20-3784 | |
| § | | |
| Target Corporation, § | | |
|    Defendant. § | | |

# Report and Recommendation

Anna Maria Ramirez sued Target Corporation in state court alleging that she slipped and fell on water while at a Target store in Houston, Texas. ECF No. 1-2 at 3. She brought premises liability and negligence claims. *Id.* at 2–3. Target removed the case to federal court. ECF No. 1. The parties engaged in discovery and now Target moves for summary judgment on all of Ramirez's claims. The court recommends that Target's motion be granted and that this case be dismissed with prejudice.

1. *Facts*

The facts presented to the court are limited. According to Ramirez, on or about September 29, 2019, she was a customer at a Target in Houston. ECF No. 1-2 at 3. She was injured when she "slipped and fell on water located on the floor of Defendant's premises." *Id.*

Ramirez testified at her deposition that she did not know what the liquid was that she slipped on. ECF No. 14-2 at 5. She did not know how long the liquid was there, or how it came to be on the floor. *Id.* at 7. She could not say whether the liquid was spilled by a guest at the store. *Id.* at 7–8. She could not identify any Target employee who knew how long the substance was on the floor. *Id.* at 8. Ramirez testified that "[n]obody was aware of that substance on the floor[]." *Id.*

## 2. Summary Judgment Standard of Review

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the summary judgment motion as undisputed. *C.f. Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the

district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion).

3. *Analysis*

Target argues that, because Ramirez alleges she was injured by a dangerous condition, as opposed to an act by Target or one of its employees, she can recover, if at all, under only a premises liability theory—not under a negligence theory. Ramirez did not respond to Target's argument. The court agrees with Target.

A plaintiff may recover on a negligent activity theory only if they have been "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see also Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 579 (S.D. Tex. 2012). Here, the complaint and the evidence before the court establish only that there was a substance on the floor. There is no allegation or evidence that Ramirez was injured contemporaneously with any activity by any person. Target's motion for summary judgment on Ramirez's negligent undertaking claim should be granted.

Target argues, among other things, that Ramirez's premises liability claim should be granted because Ramirez failed to present any evidence that Target had knowledge of the substance on the floor. The court agrees.

A premises owner or occupier has "a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The duty imposed is neither strict liability nor insurance against all injuries. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101–02 (Tex. 2000). The elements of a premises-liability claim are: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce

3

or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014).

Knowledge of a dangerous condition requires actual knowledge or constructive knowledge on the part of the premises owner or operator. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998). When circumstantial evidence is used to prove constructive knowledge, the plaintiff may satisfy this element by showing that "it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Id*.

Here, there is no evidence in the record to show how or when the liquid on which Ramirez slipped got onto the floor. In its summary judgment motion, Target points to Ramirez's deposition testimony to demonstrate that she has no information about the source of the liquid. In response to the summary judgment motion Ramirez cites no evidence at all. Ramirez invites the court to take her pleadings to be true. To do so would be error. Ramirez must go beyond the pleadings and come forward with *evidence* at this stage of the litigation. *See* Bustos, 599 F.3d at 468 (explaining that, once the movant establishes that there is no factual issue, the nonmovant must, by affidavits or other competent summary judgment evidence, cite specific facts to show there is a genuine issue for trial). Ramirez cites Target's responses to Ramirez's requests for production, which state that Target was unable to locate video for the hour prior to the accident. That is not evidence establishing how long the liquid was there. Ramirez also argues, but cites no evidence, exhibit, or declaration, that an exhibit used during her deposition establishes that the liquid was on the floor for an hour. Again, that is not evidence.

Ramirez seems to be arguing that, at the summary judgment stage, the burden is on the movant/defendant to come forward with evidence disproving Plaintiff's case. That is not the law. "[T]he party moving for summary judgment must 'demonstrate the absence of a

4

genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis in original) (quoting *Celotex*, 477 U.S. at 322). When the nonmovant bears the burden of proof at trial, the movant may "merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting a trial." *MDK Sociedad de Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015)). Ramirez has not done so. Summary judgment should be granted.

*4. Conclusion*

Because Ramirez failed to produce evidence demonstrating a genuine dispute of material fact and because, on the record before the court, Defendant is entitled to judgment as a matter of law. The court recommends that Target's motion for summary judgment be granted and that this case be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 16, 2022.

_____
Peter Bray
United States Magistrate Judge